**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 10-20732-UU**

**UNITED STATES OF AMERICA**

**vs.**

**TZEMACH DAVID NETZER KOREM,**

                **Defendant.**

_____/

**<u>OBJECTION TO PRESENTENCE INVESTIGATION REPORT</u>**

      The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Objection to the Presentence Investigation Report to assist the Court in anticipation of the scheduled sentencing hearing.  As identified below, U.S.S.G § 2B1.1(9) applies to the instant offense, and therefore, the applicable sentencing guidelines should be enhanced an additional two (2) points.

      1.      On or about October 5, 2010, a grand jury sitting in the Southern District of Florida returned an multi-count indictment charging Defendant Tzemach David Netzer Korem with Conspiracy, Securities Fraud and Wire Fraud.

      2.      On or about November 15, 2010, the defendant signed a plea agreement contemplating a guilty plea to a single count of Conspiracy to Commit Securities Fraud. [DE 70].

      3.      On that same date, the defendant adopted a statement of facts which described the offense of conviction.  Id. at ¶ 16.  In that statement of facts, the defendant agreed that:

As part of the criminal conspiracy, Korem, Charbit and their co-conspirators made, or planned to make timed press releases related to ZNXT.  Among other things, the publication of these press releases was an activity that involved especially complex and intricate conduct, and this was undertaken (i) to execute the offense by giving the investing public the false and misleading impression that the broker's buying activity was induced by positive news about ZNXT, as opposed to the undisclosed kickback paid for the broker's personal benefit, and (ii) to conceal the defendant's fraudulent conduct from the scrutiny of securities regulators.

4.     Comments to the Sentencing Guidelines state that "'sophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense."  U.S.S.G § 2B1.1, comment (n. 8(B)).

5.     As a result of an application of the facts of this case to the clear meaning of the Sentencing Guidelines, all parties to this matters agreed that U.S.S.G § 2B1.1(9) applies to the instant offense. [DE 70] at ¶ 9.b.(ii).

THEREFORE, as the facts of this case clearly warrant the application of U.S.S.G § 2B1.1(9), the United States intends to object to its omission from the Presentence Investigation Report.

Respectfully submitted,
WIFREDO A. FERRER
UNITED STATES ATTORNEY


By:     s/ Ryan Dwight O'Quinn
        Ryan Dwight O'Quinn
        Assistant United States Attorney
        Florida Bar No. 0513857
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9145
        Fax: (305) 530-6168

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically using CM/ECF on February 3, 2011.

_____s/ Ryan Dwight O'Quinn_____
Assistant United States Attorney